**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JOSE GUZMAN HERNANDEZ, AKA Jose Guzman Hernandez, AKA Jose Ramon Guzman Hernandez,<br><br>           Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>           Respondent. | No.   20-72538<br><br>Agency No. A077-086-887<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021[**]

Before:     CANBY, TASHIMA, and MILLER, Circuit Judges.

Jose Guzman Hernandez, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Guzman Hernandez's second motion to reopen as untimely and number barred, where it was filed more than 6 years after the order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and where Guzman Hernandez has not established changed country conditions in Honduras to qualify for a regulatory exception to the time and number limitations, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed). We reject as unsupported by the record Guzman Hernandez's contentions that the BIA ignored evidence or otherwise erred in its analysis of his motion.

We do not reach Guzman Hernandez's contentions regarding his prima facie eligibility for relief. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

20-72538